**\*\*E-filed 8/26/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RINGCENTRAL, INC.,

               Plaintiff,

   v.

BILL QUIMBY, et al.,

               Defendants.

_____/

No. C 11-1835 RS

**ORDER GRANTING MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiff RingCentral, Inc.'s claims in this action arise from an allegedly defamatory email that defendants sent from New York to a third party in Texas.  Because clear Ninth Circuit precedent precludes basing personal jurisdiction on material that was not published or circulated in the forum, and as no other basis for personal jurisdiction over defendants appears, their motion to dismiss must be granted.

## II.  BACKGROUND

RingCentral, a California based company, provides a variety of telephone system services to small businesses, including the registration and management of toll-free numbers.  Defendants TollFreeNumbers.Com, Inc. and its principal, Bill Quimby are based in New York.  While

United States District Court

For the Northern District of California

defendants vigorously dispute the extent to which they can fairly be characterized as "competitors" to RingCentral, there undeniably is at least some overlap in the services they provide.

In 2009, RingCentral filed suit against TollFreeNumbers and Quimby, in Case No. 09-2693 RS, ("*RingCentral I*"), to which this action has been deemed related, under Civil Local Rule 3-12 *RingCentral I* involves defendants' alleged registration of internet domain names containing the term "ringcentral," as well as various allegedly defamatory statements about RingCentral posted by defendants on their websites.[1]  Quimby responded to the complaint in *RingCentral I* by submitting a letter to the Court in which he denied the claims, and requested affirmative relief in the form of reimbursement for the nominal mailing costs he had incurred.  The letter was deemed to be an answer and general appearance by Quimby, but not by TollFreeNumbers, which as a corporation may only appear through counsel.  Quimby and TollFreeNumbers thereafter did not participate in *RingCentral I,* leading to the striking of Quimby's answer and entry of default judgment against both defendants.  That default judgment subsequently was vacated, and Quimby and TollFreeNumbers are now both represented by counsel and are defending *RingCentral I.*

The present action involves an incident that took place in March of 2011, while the motion to vacate the default judgment in *RingCentral I* was pending.  A Texas-based company known as Mavrik IT had engaged RingCentral to provide certain telephone services.  At the time, Mavrik apparently had two existing toll-free telephone numbers that were serviced through TollFreeNumbers.   Mavrik requested TollFreeNumbers to "port" those numbers to RingCentral.  Defendants responded by sending Mavrik a short email that was critical of RingCentral and the quality of service it provides. Contending that the email includes demonstrably false information, RingCentral filed this action asserting claims under the Lanham Act, California Business and Professions Code §17200, and various common law theories.[2]

---

[1]  In a concurrently-issued order, the claims for relief in *RingCentral I* that arise from the website statements are being dismissed with leave to amend, to identify the allegedly wrongful conduct with greater specificity.

[2]  Apart from challenging personal jurisdiction, defendants' motion to dismiss also contends that the complaint fails because the email represents only an expression of opinion, protected under the First Amendment.  Without personal jurisdiction in this separately-filed action, those arguments cannot be conclusively ajudicated.  Because this action is being dismissed without prejudice to

III. DISCUSSION

The exercise of personal jurisdiction is appropriate only where a defendant has certain "minimum contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The party seeking to invoke the jurisdiction of the federal court shoulders the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Technology Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Here, the parties dispute the legal significance of the fact that defendants are presently subject to jurisdiction in *RingCentral I*, but there is otherwise no controversy that defendants lack any relevant contacts with California apart from their having authored the allegedly defamatory statements about RingCentral in the email, with full knowledge that RingCentral is a California-based business. Viewing this case independently, the only possible basis for personal jurisdiction, therefore, is under the so-called "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984), which permits jurisdiction to be exercised over non-forum residents for claims arising from: (1) intentional actions; (2) expressly aimed at the forum state; (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered—in the forum state." *See id.* at 789-90.

The Ninth Circuit has directly held, however, that where claims are based on an allegedly defamatory communication, the plaintiff must show that the communication was disseminated in the forum. *Casualty Assurance Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 601 (9th Cir. 1992); *see also Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F.Supp.2d 1194, 1202 (C.D.Cal.

---

RingCentral seeking to bring these same claims as part of *RingCentral I*, however, it is appropriate to observe that defendants have not presented a compelling argument that the email contains only protected statements of opinion. Several of the assertions are presented as statements of fact, which RingCentral has alleged are false. For example, while the statement that RingCentral is "the worst phone company in the country" may be only inactionable opinion, assertions regarding the number of complaints against RingCentral made to the Better Business Bureau, alleged outsourcing of all its customer service operations to a foreign country, and the existence of reports of imminent sale or closing of the business, are all subject to being proven true or false.

2000) (applying *Dillon* to reject jurisdiction over claims arising from statements not circulated in California). Here, there is no dispute that email forming the basis of RingCentral's claims was sent from New York to Mavrik in Texas, and that defendants did *not* send it to or distribute it in California. While plaintiff emphasizes that the facts here show defendants necessarily knew that RingCentral was located in California when they sent the email, that simply does not suffice under *Dillon.*

RingCentral's opposition to this motion does not address *Dillon* at all, which was specifically cited, but not strongly emphasized, in defendants' motion. Instead, RingCentral essentially argues that because jurisdiction over defendants has been established in *RingCentral I*, it borders on frivolous for them to challenge it in this action, which has been found to be related under Rule 3-12. A related case order under the local rules cannot serve to create personal jurisdiction where it otherwise does not exist. In *RingCentral I*, jurisdiction lies over Quimby as a result of his having made a general appearance in the action, albeit perhaps without appreciating the legal consequences of his action. He has, not, however, similarly waived his jurisdictional objections in this separate action.

As to TollFreeNumbers, while jurisdiction in *RingCentral I* is premised on a *Calder* "effects test" theory, the wrongful conduct in issue does not implicate the limitations of *Dillon*. The claims do not involve the sending of a defamatory communication to a single party into a third jurisdiction, but the use of an allegedly infringing internet domain name, with an averred potential to mislead customers and potential customers in California. The alleged conduct giving rise to the claims in this case is different, and must be analyzed in light of *Dillon.*

Accordingly, standing as an independently-filed action, there is no basis for asserting personal jurisdiction over defendants, and this complaint must be dismissed. At this juncture, however, it is not clear that RingCentral would be barred from incorporating the events and claims alleged herein into an amended complaint in *RingCentral I*, and this order is without prejudice to it doing so. In the event these matters are alleged in the amended complaint that RingCentral has been given leave to file in *RingCentral I*, defendants may move to dismiss based on any arguments they

can present that the joinder of these claims in that action is otherwise improper, and the issue will be decided when any such motion is heard.

## IV.  CONCLUSION

The motion to dismiss is granted on grounds that personal jurisdiction is lacking over defendants in this separately-filed action.  The Clerk shall close the file.


IT IS SO ORDERED.


Dated: 8/26/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5